# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:03CV305
## (1:99CR52-21)

| | |
|---|---|
| GENE TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, filed December 19, 2003, and another motion pursuant to that statute, filed July 13, 2004. The Petitioner's request for counsel is denied. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was

imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings herein, enters summary dismissal for the reasons stated below.

## II. PROCEDURAL HISTORY

On June 9, 1999, the Petitioner was charged along with 21 co-conspirators with conspiracy to possess with intent to distribute and distribution of a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. **Bill of Indictment, filed June 9, 1999.** The indictment did not specifically charge the amount of drugs involved in the conspiracy; however, on that same date, the Government filed an Information alleging that in excess of 500 grams of methamphetamine were involved. **Information pursuant to Title 21, U.S.C. § 841(b), filed June 9, 1999.** On October 25,

1999, the Government filed an information noting the Petitioner's prior felony conviction for the manufacture of marijuana. **Information pursuant to Title 21, U.S.C. § 851, filed October 25, 1999.** On November 8, 1999, the Petitioner, on the eve of trial, entered a plea of guilty to the conspiracy charge without the benefit of a plea agreement. **Rule 11 Inquiry, filed November 8, 1999.** On January 5, 2001, the undersigned sentenced the Petitioner to 300 months imprisonment. **Judgment in a Criminal Case, filed January 9, 2001.**

The United States Fourth Circuit Court of Appeals affirmed the Petitioner's conviction and sentence in March 2003. *United States v. Turner,* **57 Fed. Appx. 571 (4th Cir. 2003).** The Circuit specifically held: (1) that the record did not establish ineffective assistance of counsel; (2) his conviction and sentence did not violate *Apprendi;*[1] and (3) *Apprendi* did not render 21 U.S.C. § 841 unconstitutional. *Id.* The Petitioner did not petition for a writ of *certiorari* with the Supreme Court.

---

[1] The Supreme Court held in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. Because the indictment failed to specify the drug quantity at issue but because the Petitioner had one prior felony drug conviction, the undersigned could not sentence him to more than 30 years imprisonment. **21 U.S.C. § 841(b)(1)(C).**

On December 15, 2003, the Petitioner timely filed this motion pursuant to 28 U.S.C. § 2255. In this motion, the Petitioner claims he received ineffective assistance of counsel.

### III. DISCUSSION

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. **Id.** Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness and, that but for his conduct, there was a reasonable probability the result would have been different. **Id., at 688; Hill v. Lockhart, 474 U.S. 52 (1985); Fields v. Attorney Gen., 956 F.2d**

1290 (4th Cir. 1992). If the defendant fails to make the first showing, there is no need to consider the second. **Strickland, supra**.

Although not clear, the Petitioner appears to argue that his trial counsel was ineffective because (1) counsel did not understand the interplay between the Sentencing Guidelines and 21 U.S.C. § 851; (2) counsel incorrectly conceded that Apprendi was not implicated in the Petitioner's case; (3) and counsel failed to insure that the correct amount of drugs was attributed to the Petitioner. In a subsequent filing,[2] the Petitioner argues that the undersigned enhanced his offense level in violation of Blakely.[3]

On November 8, 1999, Petitioner attended a Rule 11 hearing and was advised, among other things, of the statute with which he was charged, the elements of that offense, the maximum sentence he faced and the fact that he had a prior felony drug conviction. **Rule 11 Inquiry, supra; Transcript of Rule 11 Hearing, filed January 15, 2002, at 6-7.** As is the custom in this Court,

---

[2] **Fed. R. Civ. P. 15(a)** ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[.] Otherwise a party may amend the party's pleading only by leave of court[.]"); *Whab v. United States*, 408 F.3d 116, 119 (2d Cir. 2005).

[3] *Blakely v. Washington*, 542 U.S. 296 (2004).

not only did the Petitioner answer each question during the hearing, but he and his attorney signed the Rule 11 Inquiry which was then filed of record. *Id.* In that Inquiry and during the hearing, the Petitioner acknowledged that his guilty plea was knowing and voluntary, he was satisfied with the services of his attorney, and he had discussed with his attorney how the Guidelines applied to his case. *Id.*, **9-14.**

On August 21, 2000, the undersigned conducted a sentencing hearing, a hearing which seems to be the root of the Petitioner's contention that he was erroneously sentenced. During his Rule 11 hearing, the Petitioner was advised that the Government had filed an information alleging that the conspiracy had been involved with in excess of 500 grams of methamphetamine. The presentence report found that the conspiracy had been involved with more than 5 kilograms but less than 15 kilograms of methamphetamine. At the sentencing hearing, the Petitioner's attorney advised that the Petitioner only accepted responsibility for six to eight ounces of methamphetamine, the amount with which he was personally involved. "*Booker*[4] does not alter the well-established rule that a finding of drug type

---

[4]*United States v. Booker*, **125 S. Ct. 738 (2005).**

and quantity for the conspiracy as a whole sets the maximum sentence that each coconspirator can constitutionally be given." **United States v. Stiger, 413 F.3d 1185, 1192-93 (10th Cir. 2005) (footnote added);** *accord, United States v. Mercado Irizarry,* **404 F.3d 497, 503 (1st Cir. 2005) ("[T]he maximum statutory penalty available to the district court at sentencing for a defendant convicted of a drug conspiracy is based on the drug quantity and amount . . . attributable to the conspiracy as a whole.");** *United States v. Casiano,* **133 Fed. Appx. 791, 796 (2d Cir. 2005);** *United States v. Odman,* **47 Fed. Appx. 221, 223 (4th Cir. 2002).** Thus, regardless of his personal involvement, the Petitioner, having pled guilty to his involvement with and membership in the conspiracy, was responsible for the amount of drugs with which the conspiracy was involved.

The issue was complicated, however, by a mistake made by the undersigned after sentencing. On October 5, 2000, the undersigned issued an Order in which it was stated that the sentence had been mistakenly imposed. **Order, filed October 5, 2000.** That Order, however, was wrongly entered and on October 26, 2000, the undersigned attempted to correct it as follows:

> The Defendant did not enter into a written plea agreement and there was no stipulation as to drug quantity. However, the Government filed a bill of information alleging Defendant's involvement with in excess of 500 grams of methamphetamine. The presentence report calculated the Defendant's base offense level as follows: . . .
>
>> Based on the evidence, the defendant is responsible for more than 5 kilograms but less than 15 kilograms of methamphetamine.
>
> Thus, the base offense level was set at 36 and then enhancements were applied. Because the Government's bill of information specified "in excess of 500 grams" of methamphetamine, the Probation Officer's calculation was correct. *However, it was the intention of the undersigned to set the base offense level at 32, "[a]t least 500 G but less than 1.5 KG of Methamphetamine," U.S.S.G. §2D1.1(c)(4), because the Government could have specified more than 5 kilograms but less than 15 kilograms of methamphetamine in the bill of information.*[5] Since the Defendant faced a maximum sentence of not more than 30 years due to his prior drug conviction, the case of *Apprendi*[] is not implicated.

**Order, filed October 26, 2000 (footnote added).**

In accordance with this Order, the Probation Officer amended the presentence report to specify a final offense level of 35, however, the Government objected. And, at the sentencing hearing conducted on January

---

[5]At the resentencing hearing in January 2001, the undersigned concluded that this statement was incorrect. **Transcript of Sentencing Hearing, filed October 31, 2002, at 6.**

5, 2001, the undersigned concluded that the Court had made a second mistake in the Order of October 26, 2000. **Transcript,** *supra*. As a result, the Court adopted the Probation Officer's original calculations and reimposed the original sentence of 300 months. While it is entirely understandable that this sequence of events confused the issues, ultimately, the correct sentence was pronounced and the Fourth Circuit affirmed both the Petitioner's conviction and sentence. Any confusion or error is attributable solely to the Court and not to defense counsel. However, because the Fourth Circuit has affirmed the undersigned's sentence, the Petitioner is without recourse.

As for the interplay between the Sentencing Guidelines and § 851, it clear from the transcripts of both the Rule 11 and sentencing hearings that counsel did understand these issues. Moreover, the Petitioner himself was advised both by the Court and the United States Attorney that due to his prior felony drug conviction, he faced a maximum sentence of 30 years.[6]

Petitioner also argues that counsel somehow allowed an excessive amount of drugs to be attributed to him, resulting in an inaccurate offense

---

[6]In fact, during the Rule 11 hearing, the Petitioner was told he faced a maximum sentence of life imprisonment and not less than 20 years. **Rule 11 Transcript, at 7.**

level. Again, at his Rule 11 hearing, the Petitioner admitted to the involvement of the conspiracy with in excess of 500 grams of methamphetamine. He may not now refute those admissions in open court. **United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) ("[Petitioner] stated during the Rule 11 colloquy that he had not been coerced or threatened into pleading guilty." Such statements "constitute a 'formidable barrier' to collateral proceedings to vacate the plea." (internal quotations omitted)); accord, United States v. Lambey, 974 F.2d 1389, 1394-95 (4th Cir. 1992); United States v. Land, 60 Fed. Appx. 963 (4th Cir.), cert. denied, 540 U.S. 1068 (2003).**

Petitioner also claims counsel was ineffective by admitting that *Apprendi* did not apply to his case. Since the Fourth Circuit found no *Apprendi* error, this contention is fallacious. Since this issue was raised and determined on direct appeal, the Petitioner may not use a collateral attack to relitigate the same claim. **United States v. Rush, 99 Fed. Appx. 489, 490 (4th Cir. 2004) (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (1976) (issues raised and determined on direct appeal may not be reconsidered by a collateral attack)).**

Although not clear, it appears that the Petitioner claims that his prior state felony conviction was invalid due to lack of advice by the state court judge of his right to a jury trial.[7] Petitioner has also attached copies of motions filed in state court attempting to invalidate that conviction. The conviction was valid at the time of the federal sentencing and remains so at this time. Thus, the Petitioner may not attempt to attack his federal sentence based on the possibility that his state conviction may at some point become invalid within the state system. ***Daniels v. United States*, 532 U.S. 374, 376 (2001) (With the sole exception of the right to counsel, a federal prisoner may not attack a predicate state conviction used to enhance a federal sentence through a motion pursuant to § 2255.);** *United States v. Gadsen*, 332 F.3d 224, 227-28 (4th Cir. 2003); *McCarthy v. United States*, 320 F.3d 1230 (11th Cir. 2003).

Finally, the Petitioner claims that the enhancements of his offense level violated *Blakely*. However, the Petitioner's sentence did not exceed the statutory maximum and thus, any enhancements found by the undersigned at

---

[7]The Petitioner has attached documents to the motion which show that he was represented by counsel at the time he pled guilty to this prior conviction.

sentencing did not offend *Blakely*. **United States v. Jimenez, 142 Fed. Appx. 685 (4th Cir. 2005).**

To the extent that the Petitioner claims the decisions in *Apprendi*, *Blakely* and *Booker* are grounds for relief, those claims are also rejected. The Petitioner's sentence, which does not exceed the prescribed statutory maximum sentence of 30 years imprisonment, does not violate the proscriptions of *Apprendi*. **United States v. Bradford, 7 Fed. Appx. 222, 223 n.\* (4th Cir. 2001) (citing United States v. White, 238 F.3d 537, 542 (4th Cir. 2001)).** In *Blakely*, decided in June 2004, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. *Blakely* does not apply retroactively to convictions that were final at the time that case was decided. **United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United**

*States v. Marshall*, 117 Fed. Appx. 269 (4th Cir. 2004). The Petitioner's conviction was final at the time of the *Blakely* decision.

In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. Every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review has held that *Booker* is not retroactive. ***United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *Varela, supra*; *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.");** *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005); *United States v. Johnson*, 2005 WL 2705818, **1 n.2 (4th Cir. 2005).

Finally, the Petitioner's daughter has averred that at an undisclosed time she attended a meeting with her father and his first trial counsel, William

Lamb. During that meeting, she claims that Mr. Lamb advised the Petitioner that in exchange for a $50,000 retainer, he would guarantee the Petitioner would not receive a sentence in excess of six months imprisonment. This allegation is inadmissible hearsay and may not be considered. Moreover, despite the contentions made, the Petitioner appeared at a Rule 11 hearing with Mr. Lamb and was advised of the maximum possible penalty of life imprisonment. At no time did he mention any such arrangement. When the undersigned sentenced the Petitioner to 300 months imprisonment, at no point did he advise the Court of any such promise. Nor does the Petitioner raise this issue in his motion at all; he has merely attached the self-serving affidavit of his daughter who is not a party to these proceedings.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion for court-appointed counsel is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing this action is filed herewith.

Signed: November 7, 2005

Lacy H. Thornburg
United States District Judge